**EDA**

**FILED**
**MARCH 7, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 1377**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| FUNDS IN THE AMOUNT OF | ) | |
| ONE HUNDRED, THIRTY-ONE | ) | |
| THOUSAND AND FIVE HUNDRED | ) | |
| DOLLARS ($131,500.00); and | ) | **JUDGE KENNELLY** |
| | ) | **MAGISTRATE JUDGE ASHMAN** |
| TWO HUNDRED TWENTY-TWO | ) | |
| AMERICAN EXPRESS TRAVELER'S | ) | |
| CHECKS IN THE AMOUNT OF ONE | ) | |
| HUNDRED AND ELEVEN THOUSAND | ) | |
| DOLLARS ($111,000.00), | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

**VERIFIED COMPLAINT FOR FORFEITURE**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, for its verified complaint against the above-named defendant property alleges in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure as follows:

1. This complaint for forfeiture is verified by the attached affidavit of Task Force Officer Ray Caballero of the United States Drug Enforcement Administration ("DEA"), which is fully incorporated herein.

**Jurisdiction and Venue**

2. This is an *in rem* forfeiture action brought pursuant to Title 21, United States Code, Section 881(a)(6), for forfeiture of funds in the amount of one hundred, thirty-one thousand and five hundred dollars ($131,500) and 222 American Express traveler's checks with a value of one hundred

and eleven thousand dollars ($111,000), which funds were furnished and intended to be furnished in exchange for a controlled substance, are the proceeds from the sale of a controlled substance, and were monies used and intended to be used to facilitate narcotics trafficking, in violation of 21 U.S.C. § 801, *et seq*. This court has jurisdiction over this action pursuant to Title 28, United States Code, Sections 1345 and 1355(a).

3.  This court has *in rem* jurisdiction over the defendant property pursuant to Title 28, United States Code, Sections 1355(b)(1)(A) and (d), as certain of the acts giving rise to the forfeiture occurred within the Northern District of Illinois.

4.  Venue is proper under 28 U.S.C. § 1395(b) because the defendant funds were found and seized within the Northern District of Illinois on October 9, 2007, and shall remain here during the pendency of this action.

**Statutory Authority**

5.  This forfeiture action *in rem* is brought pursuant to Title 21, United States Code, Section 881(a)(6).

**Specific Allegations**

6.  On October 9, 2007, DEA agents assigned to the DEA Narcotic Transportation Task Force Group at Amtrak Union Station in Chicago, Illinois, developed information that the previous day Richard Lynch ("Lynch") purchased with cash a one-way sleeping car ticket from New York, New York to Las Vegas, Nevada via Chicago, Illinois. Lynch was assigned sleeping train car number 331 and room number 15 on that car.

7.  At approximately 3:00 p.m., law enforcement agents entered the sleeping car of the train and observed an individual later identified as Lynch enter room number 15. Lynch was

2

observed at that time to be carrying at least two pieces of luggage. Agents then approached room number 15 and knock on the door. The individual previously observed entering the room immediately opened the door. Law enforcement agents then identified themselves by displaying their badges and credentials. Agents asked to conduct an interview and Lynch consented. After explaining that he was not under arrest, agents requested Lynch's identification and train ticket at which time Lynch produced a train ticket and passport bearing his resemblance. Task Force Officer Ray Caballero ("TFO Caballero") asked Lynch if the luggage near him in the room belonged to him. Lynch replied that it did and that he had not checked any bags. TFO Caballero asked Lynch if he packed his own luggage and Lynch stated that he had. Lynch was also asked if he was given any packages to transport on the train, or if he was in possession of any weapons, illegal drugs or any large currency and he replied negatively to each question. Lynch consented to a search of his luggage which agents explained was for the safety of the train to check for contraband. As agents were searching his luggage, Lynch paced the room in an agitated fashion and began to perspire. Agents discovered several bundles of United States currency wrapped in saran wrap and newspaper in Lynch's "Samsonite" brand denim back pack. Lynch became nervous and fidgety, so for safety reasons TFO Caballero patted Lynch down and discovered a bulge in Lynch's front mid-section and lower back which Lynch stated was approximately $200,000.

8. The agents then asked Lynch to accompany them to the DEA office located within Union Station to continue the interview. Lynch agreed and accompanied agents while retaining possession of his luggage and money belts.

9. While in the office, Lynch was issued a statement of Miranda rights form which he acknowledged he understood but refused to sign. Lynch verbally agreed to answer additional

questions. Lynch signed a consent form for the search of his luggage and a form stating that he had it in his possession, and he also read and signed an address acknowledgment form. Agents searched a second piece of luggage which contained additional U.S. currency. A complete search of Lynch's bags and his person resulted in the discovery of fourteen (14) bundles of U.S. Currency and two (2) bundles of American Express traveler's checks. Lynch was interviewed by TFO Caballero and stated that he owned one bundle of the U.S. currency and the traveler's checks, and that he had purchased the traveler's checks in London, England. Lynch stated that a friend came to his hotel room while staying in New York and gave him approximately one hundred thirty thousand dollars to give to another friend from London to whom he owed money. Lynch was instructed to take the money to Las Vegas where his friend from London would meet him. Lynch did not provide any names for these two friends. Lynch stated that he is employed with a film production company in England in the prop section.

10. Special Agent Robert Glynn ("SA Glynn") responded with his canine "Rudy" and conducted a narcotic odor investigation. SA Glynn advised that "Rudy" gave a positive alert for the presumptive presence of narcotic odor on the bag containing the seized currency. Narcotic detector dog "Rudy" is owned by the DEA and was last certified in February 2007. The DEA certifies narcotic detector dogs every twelve months. "Rudy" has made over 50 narcotic finds on currency. "Rudy" has had no false positives and has had several instances of no detection.

11. The currency denominations for the seized currency are as follows: one thousand three hundred and fifteen (1,315) one hundred dollar bills for a total of $131,500, and 222 American Express traveler's checks valuing in total $111,000.

13. For the reasons stated herein and in the attached affidavit, there is probable cause to

believe that funds in the amount of one hundred, thirty-one thousand and five hundred dollars ($131,500) and 222 American Express traveler's checks in the value of one hundred and eleven thousand dollars ($111,000) were furnished and intended to be furnished in exchange for a controlled substance, are the proceeds from the sale of a controlled substance, and were monies used and intended to be used to facilitate narcotics trafficking, in violation of 21 U.S.C. § 801 *et seq.*, and are therefore subject to forfeiture and condemnation pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America requests:

A.  That the defendant property be proceeded against for forfeiture and condemnation, that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed;

B.  That the court adjudge and decree that the defendant currency be forfeit to the United States and disposed of according to law; and

C.  The United States requests that any trial be before a jury.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:   /s/Daniel E. May
DANIEL E. MAY
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-8694