IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
| ) | |
|       Plaintiff,           ) | |
| vs.           ) | |
| ) | |
| FUNDS IN THE AMOUNT OF ONE HUNDRED  ) | |
| THIRTY-ONE THOUSAND FIVE HUNDRED    ) | No. 08 C 1377 |
| DOLLARS, ($131,500.00) in U.S. CURRENCY, ) | |
| AND TWO HUNDRED TWENTY-TWO          ) | |
| AMERICAN EXPRESS TRAVELER'S CHECKS  ) | |
| IN THE AMOUNT OF ONE HUNDRED        ) | Hon. Matthew F. Kennelly |
| ELEVEN THOUSAND DOLLARS, ($111,000.00) ) | District Judge, presiding. |
| ) | |
|       Defendant.           ) | Hon. Martin C. Ashman, |
| ) | Magistrate Judge |
| ) | |
| RICHARD LYNCH and           ) | |
| STEPHEN M. KOMIE,           ) | |
| ) | |
|       Claimants.           ) | |

## MOTION TO DISMISS

NOW COME the Claimants, RICHARD LYNCH, by and through his attorney, STEPHEN M. KOMIE of KOMIE AND ASSOCIATES and STEPHEN M. KOMIE, *pro se*, and moves this Honorable Court to dismiss the Government's Verified Complaint for Forfeiture pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, the Claimants state as follows:

    1.    That the Complaint filed by the Government in this matter fails to state a cause of action for forfeiture. The Complaint is attached as Exhibit A and made a part hereof.

    2.    That pursuant to 21 U.S.C § 881(a)(6) money is subject to forfeiture if it is:

       (1) furnished or intended to be furnished in exchange for a controlled substance, (2) traceable to such an exchange, or (3) used or intended to be used to facilitate a violation of this subchapter.

3. That a complaint for forfeiture must plead facts which establish a "reasonable basis" for the government Plaintiff's belief the Claimant's property is subject to forfeiture.

4. That to establish a "reasonable basis," the Government must plead facts which show probable cause for forfeiture. *United States v. $9,800*, 952 F. Supp 1254, 1259 (N.D. Ill. 1996).

5. That the probative value of a dog sniff is at most minimal. *United States v. $506,231 in U.S.C.*, 125 F.3d 442, 453 (7th Cir.1997).

6. That the Civil Asset Forfeiture Act of 2000 ("CAFRA"), applicable to all civil forfeiture actions commenced after August 23, 2000, imposes additional pleading requirements upon the Government. Specifically:

       [I]f the Government's theory of forfeiture is that the [seized] property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, <u>the Government shall establish that there was a *substantial connection* between the property and the offense.</u> 18 U.S.C. § 983(c)(3) [emphasis added]

7. That the Government's Complaint is facially deficient in that it fails to allege an act or acts giving rise to a cause of action with "a substantial connection between the property and the offense" under 21 U.S.C. § 881 (a)(6) and probable cause. *Id.*

8. That by enacting the Civil Asset and Forfeiture Reform Act, Congress intended to heighten the requirements for forfeitures when the governments' theory for forfeiture is, the

2

defendant property was used to commit or facilitate the commission of a criminal offense. 18 U.S.C. § 983(c)(3).

9.  That the intended safeguard of CAFRA in practice was through the implementation of a heightened burden imposed on the government at the pleading stage. 18 U.S.C. § 983(c)(1)-(c)(3); 18 U.S.C. § 983 (a)(3)(A); FRCP Supp AMC Rule G(2)(f).

10.  That just as the courts have routinely required a heightened pleading standard in cases alleging fraud, pursuant to FRCP 9(b), so has Congress intended a heightened standard for forfeitures brought pursuant to the admiralty rules. *See e.g., Lachmund v. ADM Investor Services, Inc.,* 191 F.3d 777, 782 (7th Cir. 1999); *cf.* FRCP Supp AMC Rule E(2)(a) .

11.  That a complaint must allege facts to meet its burden of proof at trial. *Id.* Section 983(c)(1) provides the relevant burden of proof on the government in this currency-only case. That section requires the government to prove by a preponderance of the evidence the property is subject to forfeiture. Section 983(c)(3) provides the additional *caveat,* the government must demonstrate a substantial connection between the currency and the offense. See also, Supp AMC Rule E(2)(a) (requires complaint to plead facts with particularity.)

12.  That the Complaint fails to allege any title 21 U.S.C. criminal act that is the basis of the forfeiture.

13.  That Section 983(a)(3)(A) instructs the government the complaint must be in accordance with the Supplemental Rules Admiralty and Maritime Claims. In order to state a valid cause of action, Supplemental Rule G(2)(f), provides, "[t]he complaint must: * * * (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."

14. That the Complaint does not allege any narcotics transaction took place.

15. That the Complaint does not allege any act whereby a controlled substance was exchanged for the currency seized, as required by 21 U.S.C.§ 881(a)(6) or a substantial connection to any criminal act as required by 18 U.S.C. § 983 (c)(3).

16. That the only reference to narcotics throughout the entire complaint consists of a description of the purported drug-sniffing dogs training. The government bases its entire complaint on the purported alert on the Claimant's luggage, not the currency or traveler's checks, by a Chicago Police canine, "Rudy." *See* Exhibit A, ¶ 10. This is the only potential drug reference in the Complaint.

17. That allegations a Claimant fits a "drug courier profile" coupled with a positive dog sniff are insufficient to establish probable cause to believe the Claimant's funds are linked to an illicit drug transaction. *See United States v. $84,000 United States Currency*, 717 F.2d 1090, 1099 (7th Cir. 1983); *$506,231 in U.S.C.*, 125 F.3d at 453. However, the complaint itself does not even parrot the usual laundry list of drug courier profile characteristics; it merely states in a conclusory fashion, probable cause exists.

18. That the allegations contained in the Complaint do not give rise to a reasonable inference the Claimant's funds were substantially connected to any illicit narcotics transactions, not the currency itself.

19. That the Complaint presents a tenuous case for forfeiture based upon the mere possession of a large sum of currency which is legal to carry, and a purported response of a drug detection dog on the subject's backpack.

20. That the Complaint fails to plead the Claimant made inconsistent statements.

21. That the Complaint fails to plead an investigation or the results of an investigation into the background of the Claimant.

22. That the Complaint merely describes a naked seizure of the defendant currency and traveler's checks, which was arrested for traveling through Union Station in Chicago, Illinois.

23. That the Seventh Circuit, in an opinion authored by the Honorable William Bauer, Circuit Judge, has roundly refused to allow the government to seize currency then demand explanations for its existence.  *U.S. v. $506,231 in U.S.C.*, 125 F.3d 442 (7th Cir.1997).

> We reiterate that the government may not seize money, even half a million dollars, based on its bare assumption that most people do not have huge sums of money lying about, and if they do, they must be involved in narcotics trafficking or some other sinister activity. Moreover, the government may not require explanations for the existence of large quantities of money absent its ability to establish a valid narcotics-nexus. In response to the government's motion for summary judgment, Anthony Lombardo filed an affidavit in which he attested that he owned the money, that it was not furnished or intended to be furnished in exchange for controlled substances, and that it was not intended to be used to facilitate the exchange of controlled substances. He denied having any involvement with drugs or narcotics, and attested that the Congress Pizzeria operates only as a pizza parlor. But Anthony Lombardo did not have to go even this far, because the government provided absolutely no preliminary showing of probable cause. An owner does not have to prove where he obtained money until the government demonstrates that it has probable cause to believe the money is forfeitable. *Id.* at 454. [emphasis added.]

24. That in the case at bench, the government has failed to plead any facts which support a reasonable basis for the government to believe the currency is subject to forfeiture.

25. That in reality the government is conducting itself in the exact manner in which the learned Judge Bauer proscribed.  It is seizing currency on the basis of the amount of currency

alone. Then forcing the Claimant to engage in a multi-year, legal battle to prove his lawful ownership of the defendant *res*.

26. That the government must plead some facts which establish the who, what, where and how demonstrating a reasonable basis to believe the currency is forfeitable pursuant to 21 U.S.C. § 881 (a)(6) and 18 U.S.C. § 983 (c)(3).

27. That the complaint at bench is utterly devoid of any such facts.

28. That the arrest of the currency in this matter is no less an example of a stick-up simply because it was seized by a DEA task force officer.

29. That the Good King George would be proud of the government's conduct in the case at bench. John Adams led the revolutionary act of the Boston Tea Party to protest government's over-reaching. The ensuing American Revolutionary War was fought to reverse the very evil which now comes before the Court. It would be unthinkable to the founders of our nation that a person carrying currency would have to defend its very possession in the absence of any criminal act. We are in a drugless case which amounts to a redcoat stick-up in violation to the basic tenets of our constitutional law.

30. That on May 2, 2008, just three (3) days ago, the Seventh Circuit authored an opinion signaling a "reversal in course." *Smith v. City of Chicago*, — F.3d —, 2008 WL 1913619, Pg. 4 (7th Cir. 2008). (The opinion was circulated to all judges of the court of appeals in regular active service; no judge voted to rehear the matter *en banc*. ) As a courtesy, a copy of the slip opinion is attached as Exhibit B.

31. That the specific facts of the *Smith* case are not at issue, what is relevant is the procedure and due process concerns raised by the Seventh Circuit. The *Smith* case involved a

seizure and attempted forfeiture of property under the Illinois Drug Asset Forfeiture Procedure Act (DAFPA), 725 ILCS 150/1 *et seq*. (2004). *Id.* at 1. The court noted that under the Illinois act, depending on the value of the property seized, it can take anywhere from 97 to 187 days for forfeiture proceedings to begin. *Id.* at 2.

32. That in the case at bench, the currency was seized on October 9, 2007. The complaint for forfeiture was filed on March 7, 2008. Thus, over 150 days elapsed between the seizure and the filing of the complaint for forfeiture. Finally, at the time of filing this motion to dismiss, an additional 59 days have elapsed, bringing the grand total, before the government's answer and claimants' reply, to approximately 210 days.

33. That the court stated, "[t]he claim here, as it was in *Jones,* is that because so much time can elapse before forfeiture proceedings are started, it violates due process not to have a postseizure/preforfeiture hearing of some type." *Id*.

34. That the court held, "[i]n short, our fresh look at this issue causes us to conclude that given the length of time which can result between the seizure of property and the opportunity for an owner to contest the seizure under the DAFPA, some sort of mechanism to test the validity of the retention of the property is required." *Id.* at 4. (relying in part on *Krimstock v. Kelly,* 306 F.3d 40 (2nd Cir.2002).)

35. That this reversal of course also signals a return to the course of the court found in the aforementioned case of *$506,231.00 in U.S.C.*,

> We are certainly not the first court to be "enormously troubled by the government's increasing and virtually unchecked use of the civil forfeiture statutes and the disregard for the due process that is buried in those statutes." *$506,231*, 125 F.3d at 454. (citing, *United*

>   *States v. All Assets of Statewide Auto Parts, Inc.*, 971 F.2d 896, 905 (2d Cir.1992).)

36. That because of the experience of the Seventh Circuit in lengthy delays under the Illinois and Federal acts, the Court clearly signaled a move in the direction of the Second Circuit in forfeiture law. *See e.g.*, *$506,231*, 125 F.3d at 445. (Almost 5 years from time of initial seizure until return of defendant *res* to claimants.)

37. That the court ultimately left it to the district court to determine the mechanism to test the validity of the seizure prior to a full-blown trial on the issues; however, Claimants contend one such mechanism available to the Court is a meaningful motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

38. That if the Seventh Circuit means what it says, this case should be tossed out on its ear to save the Claimant years of tug of war when the government cannot even allege a connection to a criminal act.

39. That Courts were established to protect the people from the government, not to be yet another investigative tool for the government to abuse the people without some connection to a criminal act.

40. That Congress was fully aware of the aforementioned case of *$506,231.00* when it voted to reform forfeiture law. See attached Exhibit C, Statement of Stephen M. Komie in support of H.R. 1916 before the House Judiciary Committee. It was precisely this type of action which Congress intended to abolish. Yet despite the Seventh Circuit's condemnation and Congress' later reform based in part on Judge Bauer's opinion, the government still persists in seizing currency on the basis of mere possession.

41. That it is appropriate to dismiss this action at the pleading stage and save the resources of both the courts and the claimant when the government utterly fails to plead a *substantial connection* between the property and any criminal offense as required by law. 18 U.S.C. § 983(c)(3).

42. That the Complaint in this matter must be dismissed for failing to state a cause of action. FRCP 12(b)(6).

WHEREFORE, for the foregoing reasons, the Claimants, RICHARD LYNCH and STEPHEN M. KOMIE, pray this Honorable Court enter an order dismissing the Complaint in this matter for failing to state a cause of action with prejudice.

Respectfully submitted,

RICHARD LYNCH and
STEPHEN M. KOMIE
By and through his attorneys,
KOMIE AND ASSOCIATES


By:   /s/ Stephen M. Komie

STEPHEN M. KOMIE
One North LaSalle Street, Suite 4200
Chicago, Illinois 60602
(312) 263-2800
stephen_m_komie@komie-and-associates.com