UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.   08 C 1377 |
| ) | |
| FUNDS IN THE AMOUNT OF ) | |
| ONE HUNDRED, THIRTY-ONE ) | Judge Matthew F. Kennelly |
| THOUSAND AND FIVE HUNDRED ) | |
| DOLLARS ($131,500.00); and ) | |
| ) | |
| TWO HUNDRED TWENTY-TWO ) | |
| AMERICAN EXPRESS TRAVELER'S ) | |
| CHECKS IN THE AMOUNT OF ONE ) | |
| HUNDRED AND ELEVEN THOUSAND ) | |
| DOLLARS ($111,000.00), ) | |
| ) | |
| Defendants. ) | |

GOVERNMENT'S RESPONSE TO CLAIMANTS'
MOTION TO DISMISS COMPLAINT

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, for its response to claimants' motion to dismiss the verified complaint against the above-named defendant property states as follows:

**I.     Introduction**

On October 7, 2007, Drug Enforcement Administration ("DEA") agents assigned to the DEA Transportation Interdiction Group at Amtrak Union Station in Chicago, Illinois, while conducting a routine investigation, identified an individual named Richard Lynch ("Lynch") who had made reservations for travel from New York, New York to Las Vegas, Nevada via Chicago, Illinois. According to manifest records, Lynch had paid cash for a one-

way class sleeper car ticket.

At approximately 3:00 p.m on October 7, 2007, agents approached the sleeping car room assigned to Lynch and observed an individual later identified as Lynch enter the sleeping car room carrying two pieces of luggage. Agents proceeded to the room and knocked on the door. The individual previously observed entering the room immediately opened the door. During a consensual interview, Lynch denied that he was carrying a large amounts of currency or any type of contraband. At the time, Lynch consented to a search of his luggage. Agents discovered several bundles of United States currency wrapped in plastic "saran" wrap and newspaper in Lynch's "Samsonite" brand back pack. At the time, the agents observed Lynch become nervous and fidgety. For safety reasons, Lynch was patted down. Agents discovered a bulge around Lynch's mid-section and lower back. Lynch stated that the bulge represented approximately $200,000 in currency.

Lynch was requested and agreed to accompany the agents to the DEA office located within Union Station. Lynch signed a consent to search the second piece of luggage in his possession. Eventually, a complete search of Lynch's bags and person resulted in the discovery of 14 bundles of United States currency and 2 bundles of American Express traveler's checks. Lynch claimed that he owned the traveler's checks, which were gambling proceeds. Lynch further stated that he had flown into New York the day before his travel and that a friend had come to his hotel in New York and given him approximately $130,000 in a blue shopping bag to carry to Las Vegas and give to another. Lynch refused to provide the

agents with the identity of either individual.

A DEA canine "Rudy" reacted positively to Lynch's bag that contained currency and traveler's check's reflecting recent contact with narcotics causing the law enforcement agents to seize the United States currency and traveler's checks. The total amount of the seized from Lynch were one thousand, three hundred and fifteen (1,315) one hundred dollar bills. And 222 American Express traveler's checks with a value of $110,000. The 222 seized traveler's check were all in the amount of $500 with the "Pay This Cheque To The Order Of" line left blank.

On March 7, 2008, the government filed a verified complaint for forfeiture pursuant in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure. It is an *in rem* forfeiture action brought pursuant to Title 21, United States Code, Section 881(a)(6), for forfeiture of funds in the amount of one hundred, thirty-one thousand, five hundred dollars ($131,500) and 222 American Express Travelers Checks in the amount of one hundred, eleven thousand dollars, which funds were furnished and intended to be furnished in exchange for a controlled substance, are the proceeds from the sale of a controlled substance, and were monies used and intended to be used to facilitate narcotics trafficking, in violation of 21 U.S.C. § 801, *et seq*.

On March 28, 2008, a claim was filed by Lynch as to the seized property. In addition, on that same date, Stephen Komie,[1] counsel for Lynch (hereafter "the claimants") also filed

---

[1] Komie's claim is evidently derived from his representation of Lynch. This fact does not give him standing to assert an interest in the funds. It is difficult to imagine that as counsel for

a claim stating that he had obtained a 50% interest in the seized property by way of assignment from claimant Lynch[2]. For the reasons stated below, the claimants' motion to dismiss the government's complaint should be denied.

## II. Argument

### a. The Verified Complaint Meets The Statutory Requirements of Rule G(2)

In part, Title 18 U.S.C. § 983(a)(3)(D) provides that "No complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." *See* Rule G(8)(b)(ii) (reiterating section 983(a)(3)(D) and providing that a complaint is sufficient to survive a motion to dismiss if it satisfies the pleading requirements in Rule G(2).

Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture sets forth certain requirements for a forfeiture complaint. A review of the complaint filed in the instant matter demonstrates that it complies with Rule G(2). Initially, the complaint is verified by the affidavit of an investigating agent with knowledge of the facts and circumstances surrounding this seizure. (*See* Rule G(2)(a) and ¶ one of the

---

Lynch he will be able to sustain the position that as either an innocent owner or a bona-fide Lynch purchaser for value he has a claim to this money. *See* Title 18, United States Code, Section 983(d). Furthermore, vindicating any claim to the funds could create the potential for a conflict of interest particularly when counsel must produce discovery supporting his proprietary interest in the funds subject to forfeiture or possibly testify as a witness to support his claim. Either circumstance may be in violation of the Rules Governing the Legal Profession in Illinois. *See* Rules 1.8 (I) and 3.7.

   [2] By calling Mr. Komie a claimant, the government is not conceding that he has standing to persist in his claim to the currency or that it should not be stricken.

complaint). The complaint describes the property in question with particularity and establishes a basis for jurisdiction. (*See* Rule G(2)(b)&(c) and ¶ two of the complaint). Since the property is tangible, the complaint states its location and when the seizure of the funds occurred. (*See* Rule G(2)(d) and ¶¶ three and four of the complaint). The statute under which the forfeiture is brought is explicitly stated. (*See* Rule G(2)(e) and ¶ five of the complaint). And finally, the complaint states sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. (*See* Rule G(2)(f) and ¶¶ six through eleven of the complaint).

This complaint describes the seizure of more than $131,500 in United States currency and 222 American Express Traveler's checks, some wrapped in saran wrap and newspapers in the claimant's bags. Furthermore, it sets forth facts surrounding a canine alert by a certified drug detection dog on the funds indicating the recent proximity of this cash to controlled substances. *United States v. Funds in the Amount of Thirty Thousand Six Hundred Seventy Dollars ($30,670.00)* 403 F.3d 448, 460 (7th Cir. 2005)(dog alerts to currency should be entitled to probative weight (citations omitted).[3]  *See also, United States v. Goodwin*, 449 F.3d 766, 768 (law enforcement use of dog alert in train station encounter upheld)(7th Cir. 2006).

---

[3] In *United States v. Funds in the Amount of Thirty Thousand Six Hundred Seventy Dollars ($30,670.00)* 403 F.3d 448, 460 (7th Cir. 2005), the Seventh Circuit chose to follow the scientific data relating to dog alerts rejecting its earlier observations on dog sniffs in circumstances where the government, unlike *$30,670.00* and the instant case, did not argue the probative weight of the canine alert. *See United States v. $506,231 in U.S. Currency,* 125 F.3d 442,453( 7th Cir. 1997).

It is difficult to see how these facts aren't sufficient to support a reasonable belief that the government will be able to meet its burden. Forfeitability of the property is determined at the time of trial. Any effort to dismiss a complaint for failure to establish a sufficient nexus between the property and criminal act should be denied. In considering a similar motion to dismiss a complaint in the forfeiture context, District Judge Coar concluded that the government did not need to have probable cause to believe the property is subject to forfeiture at the time it filed its complaint because "those arguments are more suited for a motion for summary judgment or trial. *United States v. Funds in the Amount of Forty Thousand Dollars,* 2004 WL 2191576, p.4 (N.D.Il. 2004).

Additionally, in a nearly identical motion filed by Mr. Komie in a forfeiture case pending before District Judge Pallmeyer, Judge Pallmeyer rejected each and every allegation in the motion–*see* Lynch allegations in ¶¶'s 1-29–based upon the sufficiency of the complaint. *See United Sates v. Funds in the Amount of Forty-Five Thousand, Fifty Dollars ($45,050)*, 2007 WL 2323307 (N.D.Il.)(A copy of Judge Pallmeyer's decision is attached as Exhibit A). Specifically, Judge Pallmeyer found that a positive dog alert sufficiently alleges a substantial connection between the currency and narcotics. *Id.* at 4. Additionally, Judge Pallmeyer, citing numerous case, rejected the claim that the complaint must allege a specific narcotics transaction. *Id.* at 5. Finally, Judge Pallmeyer rejected claimant's argument that the complaint failed to establish a reasonable belief that the government would meet its burden of proof at trial. The court relied upon the facts alleged in the complaint, namely the travel plans, the amount of cash and his explanation of his coming into possession of the fact, along

with the positive dog alert, all contributed to a reasonable belief that the government would be able to meet its burden at trial. *Id.* at 5

Here, claimants, as in *Funds in the Amount of Forty-Five Thousand and Fifty Dollars,* enumerate a list of items that they say must be included in a verified complaint for forfeiture to withstand a motion to dismiss. In reality, there are no such pleading requirements under Rule G or Title 18, United States Code, Section 983. In *United States v. $50,040 in U.S. Currency*, 2007 WL 1176631 (N.D. Cal. 2007) when a claimant moves to dismiss a complaint under Rule G(8)(b), the court must treat all facts alleged in the complaint as true and construe them in the light most favorable to the Government. Reviewing the facts as set forth in the government's complaint under this standard and the requirements of Rule G(2), the verified complaint filed in this matter is more than sufficient. In *United States v. Funds in Amount of $122,500*, 2000 WL 984411, at *2 (N.D. Ill. 2000), the court observed that a complaint should not be dismissed unless it appears plaintiff cannot prove any facts in support of his claim that would entitle him to relief.

Here, the government has evidence and can prove that Lynch arrived in the United States the day before his travel from New York to Las Vegas through Chicago. In traveling, he was carrying a large amount of wrapped and bundled cash, in addition to 222 American Express Traveler's Checks, all in the amount of $500 with the payee line left blank. The evidence further establishes that the currency and traveler's checks were in the recent presence of a controlled substance based on a dog alert. In addition, Lynch statements to the agents about how he acquired the $130,000 in cash, given to him in a blue shopping bag by

a friend to give to that friend's friend when Lynch reached Las Vegas supports forfeitability given Lynch's refusal to identify these friends.

These facts provide more than sufficient detail to support a reasonable belief that the government will be able to meet its burden of proof at trial, namely that this property is subject to forfeiture. To withstand a motion to dismiss, complaint need only set forth facts sufficient to set forth the essential elements of the cause of action. *See United States v. Portrait of Wally*, 2002 WL 553532, at *12-13 (S.D.N.Y. 2002) (*Wally III*) (same); *United States v. $4,096 in U.S. Currency*, 2005 WL 1127138, at *5 (M.D. Ga. 2005) (same). This complaint clearly satisfies any burden it must meet.

**b. The Complaint Was Filed Within The Time Requirements Set By Statute.**

Claimants further argue that this case "should be tossed out on its ear" to save claimants from years of "tug of war" with the government. *See* Claimant's motion at ¶ 38. Claimants argue that the time period from initial seizure to the filing of the complaint amounted to 150 days and that one way for this Court to save time and expedite the return of the property is by granting the motion to dismiss. *Id*. at ¶¶'s 38-42.

Claimants, however, have failed to allege one instance where the government has failed to adhere to the statutory time or notice requirements. Pursuant to statute, in the administrative forfeiture proceedings, the government undertook publication and personal notice to claimant Lynch. In fact, on December 14, 2007, claimant after receiving proper notice, filed a timely administrative claim along with his attorney, Mr. Komie. Pursuant to statute, the DEA then forwarded the claims to the United States Attorneys Office for the

initiation of judicial proceedings. Within the statutorily set 90 day time requirement, the judicial complaint was filed on March 7, 2008. At the time, the government again undertook the statutorily mandated publication and personal notice. Both claimant and Mr. Komie then filed claims in a timely manner.

Because claimants have failed to allege any basis for dismissal for failure to comply with the statutory time periods, the motion should be denied.

III. Conclusion

Because this complaint complies with Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture and Title 18, United States Code, Section 983(a)(3)(D), this motion to dismiss should be denied.

>                    Respectfully submitted,
>
>                    PATRICK J. FITZGERALD
>                    United States Attorney
>
>              By:   s/ Daniel E. May
>                    DANIEL E. MAY
>                    Assistant United States Attorney
>                    219 South Dearborn Street, 5th Floor
>                    Chicago, Illinois 60604
>                    (312) 353-8694

June 17, 2008